UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **James Schreiber,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: 1:20-cv-2818 |
| ) | |
| **GLA Collection Company, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, James Schreiber, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, GLA Collection Company, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 2630 Gleeson Lane, Louisville, KY 40299. *See Exhibit "1" attached hereto.*

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On June 18, 2020, the Defendant sent the Plaintiff a dunning letter in an attempt to collect a debt. *See Exhibit "2" attached hereto.*

26. The June 18, 2020, dunning letter sent by the Defendant stated, "Due to interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *See Exhibit "2" attached hereto*.

27. However, the debt at issue in this matter is not subject to late charges; therefore, the threat of late charges constitutes a violation of the FDCPA. *See* Lox v. CDA, Ltd., 689 F.3d 818, 925 (7th Cir. 2012)(Court of Appeals held that a dunning letter is false and misleading if it implies that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass).

28. The underlying agreement between the Plaintiff and the original creditor does not provide for late fees. *A sample agreement from the creditor is attached hereto as Exhibit "3"*.

29. Additionally, the dunning letter fails to state how much the late charges are and it fails to state what other charges may apply which constitutes a violation of the FDCPA. *See*, *e.g.*, Boucher v. Finance System of Green Bay, Inc., 880 F.3d 362 (7th Cir. 2017). Finally, the debt at issue in this matter is not subject to any other charges. *See*, Lox, *supra*, and Boucher, *supra*.

30. Thus, the Defendant was misrepresenting the character of the debt. Specifically, the Defendant was misrepresenting that the debt would accrue interest, late charges, and other charges or credits. *See* Lox, *supra*, and Boucher, *supra*.

31. In fact, the Defendant itself has not applied interest, late charges, or other charges or credits to the debt at issue in this matter. *See Exhibit "2" attached hereto*.

32. The original fee agreement states that the patient may have interest applied to his/her account at a rate of "up to 8% annual under the FDCPA regulation." However, the FDCPA does not regulate the amount of interest rates.

33. The Defendant made false threats to the Plaintiff regarding the amount of the alleged debts in an attempt to intimidate him into making payments in violation of the FDCPA.

34. Moreover, violations of the FDCPA, such as those detailed above, which would lead a consumer to alter his course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See* Lox, supra, 689 F.3d 818, at 827 (7th Cir. 2012). Indeed, the incentive to pay a debt is greater if the debt collector threatens to impose "late charges and other charges" in addition to interest . . . thus potentially making it more costly for consumer to hold off on payment. *See* Boucher, *supra*, 880 F.3d at 368. Here, Defendant's actions would cause the unsophisticated consumer to question the true character of the debt, and whether he indeed had the rights that Congress granted him under the FDCPA.

35. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 35 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e by misrepresenting that interest, late charges, or other charges would continue to accrue on the debt at issue in this matter.

3. The Defendant's acts and omissions constitute a violation of the FDCPA pursuant to 15 U.S.C. § 1692d by misrepresenting that interest, late charges, or other charges would continue to accrue on the debt at issue in this matter.

4. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by misrepresenting that interest, late charges, and other charges would continue to accrue on the debt at issue in this matter.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

8. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com